IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CORNELIUS DAVIS,

    Plaintiff,

v.                        CIVIL ACTION NO.:

SOUTHEAST QSR, LLC,

    Defendant .
_____/

## COMPLAINT

Plaintiff, Cornelius Davis, (hereinafter referred to as the "Plaintiff" or "Davis"), by and through his undersigned attorney, sues the Defendant, Southeast QSR, LLC, (hereinafter referred to as the "Defendant" or "QSR"), and alleges as follows:

### *JURISDICTION AND VENUE*

1. Plaintiff brings this action to remedy discrimination on the basis of race, and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* and the Civil Rights Act of 1991, 42 U.S.C. § 1981.

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

1

3. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

4. All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f). Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202233072) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202200332) on January 6, 2022. The FCHR issued a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested his 90 day Notice of Right to Sue letter from the EEOC which was received on October 24, 2022.

## *PARTIES*

5. Plaintiff is an African American male and a citizen of the State of Florida and a resident of Escambia County, who resides in Pensacola, Florida.

6. Defendant, Southeast QSR, LLC, is a Taco Bell franchisee and owns and manages the Taco Bell store located at 305 N. New Warrington Road, Pensacola, Florida and is registered to do and doing business in the State of Florida, Escambia County.

## *FACTS*

7. Plaintiff is a 53 year old African American male.

8. Plaintiff was employed by Southeast QSR, LLC ("Southeast QSR") from July 5, 2018, as a Crew Member, at its 305 N. New Warrington Road, Pensacola, Florida location.

9. During Plaintiff's employment with Southeast QSR, he performed the duties and responsibilities of his position in a satisfactory manner and was not the subject of any disciplinary issues.

10. While employed with Southeast QSR, Plaintiff's general manager was Charlotte McVay (Caucasian female).

11. On September 26, 2021, Plaintiff notified Ms. McVay that an immediate family member had died and that because of the family emergency he needed to leave for the day.

12. Ms. McVay initially approved the request however, when Plaintiff returned the next day, she told him he was fired for job abandonment.

13. Plaintiff is aware of other Caucasian female Southeast QSR employees who were no call no shows and fired for job abandonment but were rehired.

14. Plaintiff raised this issue with Ms. McVay and told her that he believed he was being discriminated against, she still terminated him.

15. After attempting to work at a different Southeast QSR location,

Plaintiff was informed that he was on the "no rehire list" meaning he was not allowed to work at any Southeast QSR store.

16. Plaintiff was discriminated against and retaliated against based on his race and gender because Ms. McVay allowed other Caucasian female employees who also abandoned their jobs to be rehired, but Ms. McVay wouldn't allow Plaintiff, a black male, to be rehired.

### FIRST CAUSE OF ACTION
*(RACE DISCRIMINATION- FEDERAL CLAIM - 42 U.S.C. § 1981)*

17. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 4 through 16 of this complaint with the same force and effect as if set forth herein.

18. Defendant has discriminated against Plaintiff in the terms and conditions of his employment on the basis of his race in violation of 42 U.S.C. § 1981.

19. Plaintiff is an African American male.

20. Plaintiff was more than qualified for the position of a crew member and performed his duties and responsibilities of his position in a more than satisfactory manner.

21. Plaintiff was treated less favorably than his Caucasian female co-workers.

22. Plaintiff's employment with Defendant was terminated on September

4

27, 2021.

23. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

### SECOND CAUSE OF ACTION
*(RACE RETALIATION 42 U.S.C. § 1981)*

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 4 through 16 of this complaint with the same force and effect as if set forth herein.

25. Defendant has discriminated against Plaintiff in the terms and conditions of his employment on the basis of his race in violation of 42 U.S.C. § 1981.

26. Plaintiff is an African American male.

27. Plaintiff was more than qualified for the position of a crew member and performed his duties and responsibilities in a more than satisfactory manner.

28. Plaintiff was treated less favorably than his Caucasian female co-workers.

29. Plaintiff then complained to Ms. McVay that the attendance policy was not being enforced equally.

30. Plaintiff further complained that the enforcement of the policy was discriminatory, because there were several Caucasian female co-workers were

treated more favorably and rehired by her.

31. Plaintiff's employment with Defendant was terminated on September 27, 2021.

32. Defendant's termination of Plaintiff's employment violated the 42 U.S.C. § 1981, by retaliating against Plaintiff because he engaged in a protected activity by objecting to Defendant's discriminatory acts and being terminated within a few weeks of doing so.

33. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

*THIRD CAUSE OF ACTION*
*(Race Discrimination-– Title VII)*

34. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 4 through 16 of this complaint with the same force and effect as if set forth herein.

35. Defendant has discriminated against Plaintiff in the terms and conditions of his employment on the basis of his race in violation of Title VII.

36. Plaintiff is an African American male.

37. Plaintiff was more than qualified for the position of a crew member and performed his duties and responsibilities of his position in a more than satisfactory manner.

38. Plaintiff was treated less favorably than his Caucasian female co-workers.

39. Plaintiff's employment with Defendant was terminated on September 27, 2021.

40. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## FOURTH CAUSE OF ACTION
### *(RACE RETALIATION - TITLE VII)*

41. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 4 through 16 of this complaint with the same force and effect as if set forth herein.

42. Defendant has discriminated against Plaintiff in the terms and conditions of his employment on the basis of his race in violation of Title VII.

43. Plaintiff is an African American male.

44. Plaintiff was more than qualified for the position of a crew member and performed his duties and responsibilities in a more than satisfactory manner.

45. Plaintiff was treated less favorably than his Caucasian female co-workers.

46. Plaintiff then complained to Ms. McVay that the attendance policy was not being enforced equally.

47. Plaintiff further complained that the enforcement of the policy was discriminatory, because there were several Caucasian female co-workers were treated more favorably and rehired by her.

48. Plaintiff's employment with Defendant was terminated on September 27, 2021.

49. Defendant's termination of Plaintiff's employment violated the Title VII, by retaliating against Plaintiff because he engaged in a protected activity by objecting to Defendant's discriminatory acts and being terminated within a few weeks of doing so.

50. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

<u>FIFTH CAUSE OF ACTION</u><br>
*(Title VII - Gender Discrimination)*

51. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 4 through 16 of this complaint with the same force and effect as if set forth herein.

52. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of his gender in violation of the Title VII of the Civil Rights Act of 1964.

53. Plaintiff is an African American male.

54. While employed by Defendant, Plaintiff was treated less favorably by his store's general manager, Ms. McVay as she treated Plaintiff (male) differently and discriminated against him because of his gender.

55. The discrimination of Plaintiff effected the terms and conditions of his employment as he was held to a different standard than the female employees.

56. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

*SIXTH CAUSE OF ACTION*
*(Title VII- Gender Retaliation)*

57. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 4 through 16 of this complaint with the same force and effect as if set forth herein.

58. Defendant retaliated against Plaintiff for availing himself of the protections afforded him pursuant Title VII of the Civil Rights Act of 1964.

59. Plaintiff is an African American male.

60. Plaintiff was more than qualified for the position of a crew member and performed his duties and responsibilities in a more than satisfactory manner.

61. Plaintiff was treated less favorably than his Caucasian female co-workers.

62. Plaintiff then complained to Ms. McVay (female) that the attendance

policy was not being enforced equally compared to his female co-workers.

63. Plaintiff further complained that the enforcement of the policy was discriminatory, because there were several Caucasian female co-workers were treated more favorably and rehired by Ms. McVay.

64. Plaintiff's employment with Defendant was terminated on September 27, 2021.

65. Defendant's termination of Plaintiff's employment violated the Title VII, by retaliating against Plaintiff because he engaged in a protected activity by objecting to Defendant's discriminatory acts and being terminated within a few weeks of doing so.

66. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a) Declaring the acts and practices complained of herein are violation of Title VII and 42 U.S.C. § 1981;

b) Enjoining and permanently restraining those violations of Title VII and 42 U.S.C. § 1981;

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

e) Awarding Plaintiff Front Pay in lieu of reinstatement;

f) Awarding Plaintiff compensatory damages;

g) Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

h) Granting such other and further equitable or other relief as the Court deems just and proper in the premises.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: January 19, 2023.            By: */s/ Clayton M. Connors*
                                    CLAYTON M. CONNORS
                                    Florida Bar No.: 0095553
                                    Email: cmc@westconlaw.com

          **THE LAW OFFICES OF**
          **CLAYTON M. CONNORS, PLLC**
          4400 Bayou Blvd., Suite 32A
          Pensacola, Florida 32503
          Tel:  (850) 473-0401
          Attorney for the Plaintiff